UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:09-CR-0185 PMP-LRL |
| Plaintiff, ) | 2:12-CV-00459-PMP |
| ) | 2:10-CV-00168-PMP |
| vs. ) | 2:10-CV-01369-PMP |
| CARL VON BRADLEY, ) | **ORDER** |
| Defendant. ) | |

      Before the Court for consideration is Defendant Carl Von Bradley's fully briefed Motion Pursuant U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #278) filed March 16, 2012.  For the reasons set forth in the Opposition (Doc. #290) filed by  Plaintiff United States on July 9, 2012, the Court finds Defendant Bradley's Motion (Doc. #278) must be denied.

      Specifically, Defendant Bradley contends his former counsel, Federal Public Defender Rene Valladares, provided ineffective assistance by failing to explain to him the implications of the enhancement provision for brandishing a firearm during a bank robbery under United States Sentencing Guidelines § 2B3.1(b)(2)©.  Alternatively, Bradley contends his entry of plea was not made voluntarily and with an understanding of the consequences of the plea.  It is absolutely clear from the Affidavit of Bradley's former counsel, Federal Public Defender Rene Valladares, that Defendant Bradley's arguments are meritless.

Nothing in the record before the Court suggests that Defendant's entry of plea was either involuntary or made without a full understanding of the consequences of his plea. Additionally, the record devoid of evidence that his counsel provided ineffective assistance under the standards enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).

**IT IS THEREFORE ORDERED** that Defendant Carl Von Bradley's Motion Under U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #278) is **DENIED**.

DATED: July 23, 2012.

_____
PHILIP M. PRO
United States District Judge